UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

   -vs-                                        **ATTORNEY'S
DECLARATION**

**MOHAMED AL HURAIBI,** et al

                              Defendants.            08-CR-06087-CJS

MAURICE J. VERRILLO, declares, pursuant to 28 U.S.C. Section 1746(2) that:

1. I am an attorney admitted to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant Mohamed Al Huraibi.

2. I am familiar with this case by reason of my investigation of this case, my conversations with my client, and my review of the voluntary discovery material provided to date by the government.

3. This affirmation is submitted in support of the various forms of relief requested herein, and is based upon the facts as I know them, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and other pertinent statutes and law.

4. The defendant Mohamed Al Huraibi has entered a not guilty plea to the Indictment charging her with participation in a drug conspiracy.  A copy of the Indictment is attached as Exhibit "A".

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

# INDEX

Page

I.        Severance .......................................................... 1

II.       Order allowing discovery regarding Grand Jury ......................... 1

III.      Dismissal based on lack of proper instructions ......................... 2

IV.       Dismissal based upon voting irregularities ........................... 3

V.        Dismissal due to legal insufficiency of Indictment ...................... 4

VI.       Suppression of Evidence .......................................... 5

VII.      Suppression of Statements ......................................... 5

VIII.     Disclosure of Informant Identity .................................. 12

IX.       Jencks Material ................................................. 13

X.        Rules 404, 608 & 609 ........................................... 14

XI.       Brady Material ................................................. 17

XII.      Discovery, Disclosure & Inspection ............................... 24

XIII.     Bill of Particulars Rule 7(f) ...................................... 25

XIV.      Rough Notes ................................................... 25

XV.       Audibility Hearing .............................................. 25

XVI.      Independent Translation of tapes .................................. 25

XVII.     Further Relief ................................................. 26

LAW OFFICES OF

MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET

SUITE 711

ROCHESTER, NY 14614

TEL: (585) 232-2640

*i*

## I.  SEVERANCE

A.  The Indictment names Mohamed Al Huraibi as one of at least three co-conspirators in this money laundering case.

B.  Mohamed Al Huraibi will be severely prejudiced unless he is afforded a separate trial.

C.  If Mohamed Al Huraibi is tried along with the other defendants, the jury will be unable to distinguish and fairly assess the limited amount of evidence that relates solely to him, because of the inevitable "spill-over" effect. See **<u>United States v. Locasio</u>**, 6 F.3d 924 (2nd Cir. 1993). The defendant will be prejudiced by evidence against the co-defendants.

**WHEREFORE**, it is respectfully requested that Mohamed Al Huraibi be afforded a separate trial, pursuant to Federal Rules of Criminal Procedure 8, 12 and 14.

## II.  ORDER ALLOWING DISCOVERY REGARDING GRAND JURY

A.  Because the defendant or his counsel were not able to be present during the Grand Jury proceedings, your deponent is at a disadvantage in making certain assertions relative to irregularities which may have taken place.  Information is needed in order to proceed with these constitutional and statutory claims which can be supported by the disclosure requested herein.

B.  The granting of disclosure will not prejudice the Grand Jury process or the Government.  This motion is necessary in order to protect the defendant's constitutional rights as they would be affected by any prejudicial events or irregularities before the Grand Jury.

C.  The defendant respectfully requests the following information be disclosed by the Government concerning the Grand Jury proceedings:

1.  State whether the Indictment in its final form was drafted by the United States Attorney's Office before the Grand Jury voted in its return;

2.  State whether the Indictment in its final form was exhibited or read verbatim to each of the Grand Jurors who voted to return it before the vote was taken;

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

———————————

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

3. State whether a government agent summarized the testimony and/or evidence before the Grand Jury, or whether the individual fact witnesses appeared before the Grand Jury testified solely on the basis of his or her knowledge and, if not, state further;

    (a) whom it was who gave the hearsay testimony;

    (b) the name of the person with the actual knowledge of the facts as to which the hearsay testimony was given; and

    (c) the reason why the Government failed to produce before the Grand Jury the person or persons with actual knowledge of those facts;

4. If any of the witnesses called before the Grand Jury testified to circumstances or transactions about which they had no personal knowledge, state whether the Grand Jury was clearly advised that it was receiving only hearsay information.

D. Upon the disclosure of the requested information, your deponent would then be in a position to particularize the grounds for this motion.

## III. DISMISSAL BASED UPON LACK OF PROPER INSTRUCTIONS

A. Upon information and belief, the defendant moves this Court to dismiss this Indictment because the grand jury proceeding was defective due to inadequate instructions concerning the defendant's constitutional safeguards, the specific statutes and requisite elements, and theories of prosecution.

B. An inspection of the grand jury minutes by the Court is requested along with disclosure of the following information:

1. Any and all instructions given to the Grand Jury either by the Court or the United States Attorney, prior to the service and rendering of a vote in the defendant's case;

2. In particular, disclosure should be made to determine whether or not any instructions were given on the following subjects:

    (a). Burden of proof required to establish a criminal offense before a Federal

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

Grand Jury;

(b).   The law on circumstantial evidence;

(c).   The defendant's presumption of innocence in a criminal proceeding;

(d).   The relevant terms, and definitions thereof, contained in criminal charges lodged herein

(e).   Whether or not any instructions were given on the intent required to violate any of the sections of law set forth above;

(f).   Whether each of the statutes the defendant is alleged to have violated was read to the Grand Jury.

C.   There are fundamental and basis instructions that must be given to the Grand Jury.

D.   The requested disclosure will not prejudice the Government in that disclosure will not reveal the testimony of other witnesses. After obtaining disclosure, the defendant requests leave to provide further particularity as to the grounds for this motion.

## IV.  DISMISSAL BASED UPON VOTING IRREGULARITIES

A.   Upon information and belief, the defendant moves to dismiss the indictment because a number of grand jurors who voted on the indictment may not have been present during the entire presentation of evidence.

B.   An inspection of the grand jury minutes and the attendance of jurors should be conducted and counsel should be supplied with the following information:

1.   State whether or not all of the Grand Jurors, who voted and returned the indictment, were continuously present when all of the evidence underlying the counts contained in this indictment were presented;

2.   Disclose the grand jury attendance records for each of the grand jurors during the time the present charges were being considered by the Grand Jury specifically designating each member's attendance while evidence with respect to this particular case was being presented;

3.   The records of the grand jury vote maintained pursuant to Rule 6 of the Federal Rules of Criminal Procedure.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

## V. DISMISSAL DUE TO LEGAL INSUFFICIENCY

A.  The Indictment alleges that the defendant Al Huraibi and the remaining co-defendants committed multiple  money laundering counts by in essence acting as conduits for the transmittal of  Government funds outside the United States.

B.  The Indictment is defective whether analyzed under a **Santos** or **Cuellar** analysis. The funds alleged to be transferred did not result in any profit or the generation of any increased revenues as required under **Santos**.  The mere concealment of funds does not establish the "design to conceal" element referenced in **Cuellar**. As noted in **Cuellar**, "...merely hiding funds during transportation is not sufficient to violate the statute, even if substantial efforts have been expended to conceal the money". **Cuellar,__** U.S. at p. 10.  The Supreme Court in **Cuellar** dismissed a money laundering case alleging that the defendant's vehicle having $81,000 in cash alone satisfied the "designed to conceal" element of money laundering.

C.  Although both of these Supreme Court cases were decided after the return of the Indictment, it does not preclude this Court from applying these cases to the Indictment at hand.

D.  Moreover, the Indictment fails to establish underlying unlawful activity by the defendants as the funds were trasmitted from Government funds and not as the result of illicit activity, such as drug transactions.

E.  In light of the foregoing, the Indictment should be dismissed.

## VI.  SUPPRESSION OF EVIDENCE

A.  Your deponent has attempted to review the extensive discovery provided in this case.

B.  The defendant objects to the search of his person and his residence at 651-653 Jefferson Avenue. The Government's summary of the search and oral statements alleged to have been made by the defendant Al Huraibi is attached as Exhibit "B".

C.  The defendant contends that law enforcement lacked probable cause to search the residence, that the search was overbroad, and otherwise violated his constitutional

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-4-

rights under the **Fourth Amendment** to the U.S. Constitution.

D.   Your deponent requests that the Government disclose in accordance with Rule 12 any tangible evidence, statements, searches, seizures, electronic surveillance, identification testimony, and the like which will be proffered as it relates to this particular defendant, Mohamed Al Huraibi..

E.   The defendant seeks a suppression hearing.  The defendant respectfully requests leave to address any issues raised by the Government's Response so as to comply with the requirements of Rule 12 and to raise the constitutional and/or statutory objections in light of their response, to the extent the matters have not been raised in this motion.


## VII.  SUPPRESSION OF STATEMENTS

A.   The defendant while in custody, allegedly made statements to law enforcement, including See Exhibit "B".

B.   The alleged statements of the defendant were not made voluntarily; but, he contends, were made as a result of the wrongful and unconstitutional conduct of law enforcement, in violation of the defendant's rights under the Fifth and Sixth Amendments.  An issue also arises as to whether the defendant understood the effects of waiving his rights by giving a statement, and further whether the Miranda warning was fully and adequately explained to the defendant under the totality of circumstances, including that his primary language is Arabic.


## VIII.  DISCLOSURE OF INFORMANT IDENTITY

A.   Pursuant to **<u>Brady v. Maryland</u>**, 373 U.S. 83, 83 S. Ct. 1194 (1963), and the other authorities set forth herein, the defendant moves for an order directing the government to disclose the following documents and information regarding any and all confidential informant(s).

1.   The name and address of the confidential informant;

2.   The case number and name of the prosecutions in which the confidential

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

informant utilized in this case has previously been utilized as a confidential informant;

3. The case names and numbers of any trials or evidentiary hearings at which the confidential informant has testified concerning:

   (a).   his own prior criminal activity;

   (b).   payments or rewards provided to him by the government;

   (c).   efforts made to induce others to participate in criminal activity;

   (d).   or other purported law enforcement-related matters;

4. Any ledger, sheet, or other document which details the sums paid to the confidential informant or his family in this and other cases in which said informant assisted the government, and the purpose of each such payment;

5. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity or leniency, preferential treatment or other inducements made to the confidential informant, or to any family member, friend or associate of the informant, in exchange for the informant's cooperation, including, but not limited to: dismissal or reduction of charges; assistance in matters of sentencing, deportation, parole or probation; or promises or expectations regarding payments for expenses or testimony or eligibility for any award or reward;

6. Information or records concerning notification of potential prosecution, investigation or deportation made by the government to the informant or any member of his family;

7. Any report, document or information which details the criminal activities of the confidential informant which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or Informally, not to prosecute;

8. FBI rap sheet, NCIC printout and any other records available to the government reflecting the arrest and conviction history of the informant;

9. Shared Inter-Agency Intelligence Reports referencing activities of the informant;

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

10. Instances of the use of informant's photograph in any identification procedure;

11. Information concerning prior misconduct by the confidential informant in the performance of his role as an informant, including:

    (a).    any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and

    (b).    any prior "blackballing" of the informant by any law enforcement agency;

12. Information concerning misconduct by the informant other than in his role as an informant, including misconduct that reflects on the lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

13. Driver's license history or evidence that the informant was operating a vehicle in violation of the law while working for the government;

14. Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the past ten years;

15. Any "personnel files" maintained by the government relating to the confidential informant utilized in this case reflecting on his character for truthfulness and lawfulness; and,

16. Any government agency files or other information revealing matters relevant to the confidential informant's credibility, mental or physical health, or narcotic or alcohol use or other dependency.

B. In **Roviaro v. United States,** 353 U.S. 53, 65, 77 S. Ct. 623, 630 (1957), the Supreme Court reversed a conviction where the trial court denied defendant's pretrial motion for disclosure of an informant who was "a participant in and a material witness to" the alleged criminal transaction. The **Roviaro** standard for disclosure of confidential informants who play an active rather than passive role in the investigation is not a "fixed rule;" instead, the district court must take into "consideration [1] the crime charged, [2] the possible defenses, [3] the possible significance of the informer's

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

testimony, and [4] other relevant factors." 353 U.S. at 62, 77 S. Ct. at 629.

C. In **Roviaro**, the informant "helped to set up the criminal occurrence and had played a prominent part in it[;] [h]is testimony might have disclosed an entrapment." 353 U.S. at 64, 77 S. Ct. at 629.  The Supreme Court held that the "desirability of calling [the informant] as a witness, or at least interviewing him in advance of trial, was a matter for the accused rather than the government to decide.

D. The circumstances of the instant case are striking in their similarity to the facts of **Roviaro**.  The informant here is "the only witness in a position to amplify or contradict the testimony of government witnesses." 353 U.S. at 64, 77 S. Ct. at 630. Consequently, consistent with the dictates of **Roviaro**, the informant's identity should be revealed.

E. The Eleventh Circuit has held that a defendant is also entitled to disclosure of and access to a confidential informant where "the informant's probable testimony would bear a direct relationship on the defendant's asserted defense." **United States v. McDonald**, 935 F.2d 1212, 1217 (11 th Cir. 1991).

F. In **United States v. Espanosa-Hernandez,** 918 F.2d 911, 913-914 (11 th Cir. 1990), the court held that blocking defense access to an informant who was the central figure of the undercover operation would justify the granting of a new trial.  In **United States v. Ayala**, 643 F.2d 244, 247 (5 th Cir. 1981), the Fifth Circuit reversed the defendant's conviction based on the district court's failure to grant a motion to compel disclosure of the identity of an informant.  The **Ayala** court analyzed the **Roviaro** standard for disclosure, stating:

> "The informer's level of involvement with the criminal activity is an important consideration . . . . The more active the participation, the greater the need for identification." Id., 643 F.2d at 246.

G. Information regarding the prior utilization of the informant is material and favorable within the terms of **Brady v. Maryland**, where it reveals the informant's *modus*

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-8-

*operandi* in setting up criminal transactions and in inducing other persons to participate in criminal activity. **Johnson v. Brewer,** 521 F.2d 556 (8 th Cir. 1975). Experience has shown that where an informant utilizes undue persuasion in one case to induce an individual to participate in a criminal offense, he is likely to use the same tactic in other cases. **United States v. McClure,** 546 F.2d 670, 673 (5 th Cir. 1977). In **McClure,** the conviction was reversed due to the trial court's exclusion of "Fed. R. Evid. 404(b) evidence of a systematic campaign" by the informant to induce other persons to engage in illegal activity. Id., 546 F.2d at 672.

H.   Evidence of the informant's offering the defendant an inducement to commit the instant offense is evidence that directly substantiates an entrapment defense.  The Supreme Court, in **Mathews v. United States,** 485 U.S. 58, 108 S. Ct. 883 (1988), reaffirmed the traditional entrapment defense and held that the defendant may proceed with such a defense exclusively or in the alternative.  Defendant thus requests evidence, such as evidence of inducements, that would aid in the presentation of the entrapment defense.  In **McClure,** the court stated: "[I]n the case before us it was the defendant who sought to introduce evidence of the informant's scheme.  His right to present a vigorous defense required the admission of the proffered testimony." Id., 546 F.2d at 673.

I.   Such evidence is also discoverable, pursuant to **Giglio v. United States**, 405 U.S. 150, 92 S. Ct. 763 (1972), to aid in the impeachment of a witness.  The prior testimony of an informant on themes material to his service as an informant should be disclosed where the defense proposes to examine the informant as to those themes at trial. **Johnson v. Brewer**, 521 F.2d at 563. In **United States v. Cohen,** 888 F.2d 770, 776-777 (11 th Cir. 1989), the Eleventh Circuit recognized the importance of such evidence, reversing a conviction where the trial court had excluded evidence offered under Fed. R. Evid. 404(b) that the primary informant had previously concocted and managed a fraudulent scheme.

J.   The defendant also seeks a full record of the monies paid to the informant and his

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-9-

family as a result of his cooperation in this case as well as any other case in which the informant has provided services.  Such detailed information and records are needed to avoid disputes regarding the nature and extent of payments made to the informant, and are discoverable pursuant to **Giglio v. United States, supra.**

K.  Defendant further seeks information as to threats or promises made to an informant or his family to motivate his cooperation.  Such **Giglio** material is discoverable to allow defense counsel to establish the bias or hostility of the informant in creating the circumstances of the instant case.  It is proper impeachment to question a cooperating witness about the dropping of charges against, or other preferential treatment given to, his or her family. **United States v. Nickerson**, 669 F.2d 1016 (5 th Cir. 1982).  The threats/benefits evaluation is not limited to the informant alone. **United States v. Partin**, 493 F.2d 750, 757 (5 th Cir. 1974).

L.  Similarly, unconsummated promises of financial or other awards or benefits are discoverable as to the informant.  Thus, where the informant harbors an expectation of a future financial award for his services in obtaining a conviction, such evidence is crucially important to the defense. **Williamson v. United States**, 311 F.2d 411 (5 th Cir. 1962) (conviction reversed where informant witness's recovery of an award was contingent on defendant's conviction).  Furthermore, that the full details of any government inducements offered to a witness including his/her entire history of compensation are discoverable and admissible at trial was reiterated by the Eleventh Circuit in **United States v. Williams** , 954 F.2d 668, 671 (11 th Cir. 1992). The court held that the "jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial." Id. at 672. Defendant seeks disclosure of any promise, formal or informal, that would lead the informant to have an expectation of award in the instant case.

M.  An informant's history of criminal activity and other misconduct is relevant to consideration of his credibility, bias, motive and *modus operandi*. The issue of who initiated the criminal activity and who misled whom is a primary focus of the defense.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

———————

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-10-

N.  The informant's history and pattern of criminal activity and misconduct serve to illustrate the methods normally employed by the informant to achieve his goals.  Such evidence "might easily extend beyond that of mere impeachment." **United States v. Espanola-Hernandez,** 918 F.2d 911, 914 (11 th Cir. 1990).  In **Espanola-Hernandez,** the Eleventh Circuit reversed the district court's failure to grant full discovery as to an undercover agent's misconduct relating to the handling of informants. **Cf. Haber v. Wainwright,** 756 F.2d 1520 (11 th Cir. 1985) (prior criminal conduct relevant where witness may have been promised immunity).

O.  Along the same line, the courts have held discoverable, and highly relevant, information regarding prior or contemporaneous perjury or bizarre testimony of an informant, and other evidence of the unreliability of an informant witness.  **Mesarosh v. United States,** 352 U.S. 1, 77 St. Ct. 1 (1956).  Where an informant witness's prior presentence investigation report is in the possession of the government, disclosure should be ordered. **United States v. Trevino,** 556 F.2d 1256,1271 n.7 (5 th Cir. 1977)

P.  The discovery of assets obtained by the informant through criminal activity is sought as verification of the extent of the informant's prior criminal activity and his motive to protect such assets from forfeiture.  It is further submitted that this informant may have committed perjury in failing to report income from criminal activity in his prior income tax returns.  Such perjury is relevant to consideration of any evidence presented by the informant. **United States v. Shearer,**794 F.2d 1545, 1551 (11thCir.1986).

Q.  In **United States v. Deutsch,** 475 F.2d 55, 58 (5 th Cir. 1973), the court compelled disclosure of a postal employee's personnel file where evidence failed to negate indications that the employee, who had acted in the role of an informant, may have had disciplinary problems. Similarly, in **United States v. Garrett**, 542 F.2d 23, 26 (6 th Cir. 1976), the court reversed the defendant's conviction where the district court foreclosed discovery and cross-examination as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis.  The court

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-11-

noted that such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted." Id.

R. Information relating to a potential witness's credibility is discoverable and material to the defense. See, **United States v. Piccinonna**, 885 F.2d 1529 (11 th Cir. 1989). Particularly relevant is evidence that such an individual is undergoing psychiatric treatment (see, **United States v. Lindstrom,** 698 F.2d 1154 (11 th Cir. 1983)), is otherwise physically or emotionally impaired (see, **United States v. Partin**, 493 F.2d 750, 762 (5 th Cir. 1974)), or is addicted to or abuses drugs or alcohol. See, **United States v. Collins**, 472 F.2d 1017 (5 th Cir. 1972); **United States v. Fowler**, 465 F.2d 664 (D.C. Cir. 1972); **United States v. Romano**, 482 F.2d 1183 (5 th Cir. 1973).

## IX.  JENCKS MATERIALS

A. Defendant files this Motion for Production of Jencks Material and moves this Court for an order requiring production of Jencks material, and in support thereof would show the Court as follows:

1. Defendant moves for production of all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify, as per the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2, Federal Rules of Criminal Procedure.

2. The term "statements" shall include:

   (a).   any written statement made by said witness and signed or otherwise adopted or approved by him;

   (b).   stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; and

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

———————

**ONE EAST MAIN STREET**
**SUITE 711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

(c).     a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

3.   The Defendant seeks production of said statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this cause, and to avoid potential problems on the issue of whether all material has been tendered pursuant to **Brady v. Maryland,** 373 U.S. 83, 83 S.Ct. 1194 (1963) and its progeny. Although a District Court may not ordinarily compel disclosure of Jencks material prior to the conclusion of a witness's direct examination, early disclosure of Jencks material obviates trial interruptions and permits defense counsel to study the disclosures. See **United States v. Campagnuolo,** 592 F.2d 852, 858 n.3 (5th Cir. 1979).

4.   The Jencks Act, 18 U.S.C. § 3500, which provides that no statement made by a government witness shall be discoverable until after the witness testifies, would appear to preclude any pretrial disclosure of **Brady** material. **Brady**, however may "override" the Jencks Act in highly prejudicial circumstances. See **United States v. Starusko**, 729 F.2d 256, 263 (3d Cir. 1984) ("...compliance with the statutory requirements of Jencks Act does not necessarily satisfy the due process concerns of Brady," citing **Campagnuolo**, 592 F.2d at 858-60); but see **United States v. Hart,** 760 F.Supp. 653 (E.D. Mich. 1991).  The rule enunciated in **Brady** is a constitutionally compelled rule, and Justice Stevens' advice is worth heeding: "Because we are dealing with an inevitably imprecise standard and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure." **United States v. Agurs**, 427 U.S. 97, 108, 96 S.Ct. 2392, 2399 (1976).

## X.  RULES 404, 608 & 609

The defendant requests disclosure of all evidence of prior bad acts that the government

intends to use in its case-in-chief, pursuant to F.R.E. 404(b). The defendant also requests disclosure of all evidence of prior bad acts that the government intends to use for impeachment of the defendant, should he testify at trial, pursuant to F.R.E. 608(b) and 609(a).

## XI. BRADY MATERIAL

The defendant requests production and disclosure of all materials potentially favorable to him, including but not limited to the following:

A. Evidence which is exculpatory in nature, including but not limited to information, documents, materials or any other evidence which is even arguably potentially favorable to the defendant;

B. Evidence which may be used to impeach the credibility of government witnesses, including but not limited to:

1. plea agreements, promises of immunity, leniency, financial assistance or other forms of assistance to any witness (see **United States v. Biaggi**, 675 F.Supp. 790, 812 (S.D.N.Y. 1987); **United States v. Taylor**, 707 F.Supp. 696, 703 (S.D.N.Y. 1989));

2. .......prior criminal record(s) or other acts of misconduct of any witness (see **United States v. Marshak**, 364F. Supp. 1005, 1007 (S.D.N.Y. 1973); **United States v. DiLorenzo,** 1995 W.L. 169003, (S.D.N.Y.));

3. evidence tending to show that any government witness has previously committed perjury;

4. prior inconsistent statements of any government witness (see **United States v. Peters,** 732 F.2d 1004 (1st Cir. 1984));

5. confidential files of any government informant(s), insofar as said files contain impeachment material;

6. "rap" sheets of any government witness, including the criminal records of informant(s);

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

7.  prior testimony of any government witness which contains inconsistent statements or evidence of a witness's prior bad acts;

8.  materials relating to the character of any government witness, including all law enforcement memoranda, reports, documents, etc., critical of the witness or her credibility (see **United States v. Brumel-Alvarez**, 976 F.2d 1235 (9th Cir. 1992); **United States v. Bernal-Obeso**, 989 F.2d 331 (9th Cir. 1993));

9.  evidence that any government witness has a history of drug or alcohol abuse (see **Taylor**, supra, at 703);

10. evidence that any government witness has a history of psychiatric treatment;

11. federal, state or local presentence reports done in connection with any governmental witness (see **United States v. Moore**, 949 F.2d 68, 72 (2d Cir. 1991));

12. the parole, probation and/or supervised release status of any government witness;

13. any promises to a government witness regarding tax or administrative liability, or help in forfeiture proceedings;

14. money or any other award, including living expenses, medical expenses or transportation expenses, provided to any government witness;

15. involvement/participation in any witness protection program;

16. threats or other information provided to any informant(s) or witness(es) regarding the implications of a failure to testify;

17. reports of threats made against grand jury witnesses;

18. tax returns of any government witness which indicate that the witness has failed to comply with tax laws (see **United States v. Lloyd**, 992 F.2d 346 (D.C. Cir. 1993); **United States v. Covello,** 410 F.2d 536 (2d Cir. 1969));

19. reports of polygraph tests, including oral as well as written reports of examiners, and all charts examined in connection therewith (see **United States v. Greichunous,** 572 F.Supp 220 (N.D. Ill. 1983); **Bartholomew v. Wood,** 34 F.3d 870 (9th Cir. 1994));

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

20. evidence that a government witness was the target of any criminal or civil investigation; and

21. "El Rukn"-type benefits, such as free telephone service, contact and conjugal visits, alcohol, clothing, declination of prosecution for drug use, etc.;

22. cash payments of any kind, receipts of payments to informants or grand jury witnesses, records of payments for temporary housing of informants;

23. "negative" exculpatory statements, such as statements by informed witnesses that fail to inculpate defendant (see **United States v. Furlett,** 1991 WL 255512 (N.D. Ill. 1991));

24. all material which tends to impeach any government witness (see **United States v. Bagley,** 473 U.S. 667, 105 S.Ct. 3375 (1995); **Giglio v. United States**, 405 U.S. 150, 92 S. Ct. 763 (1972)).

25. Any and all exculpatory lab reports or tests.

26. The prosecutor has a constitutional obligation to affirmatively gather all **Brady** material, including impeachment material, from all involved investigating agencies, including the DEA, New York State Police and the Rochester Police Department:

> [T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.

**Kyles v. Whitley**, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995). This "duty to learn" includes gathering, and then providing to the defense, all material in the possession of the various law enforcement agencies, which can be used by the defense to discredit, impeach and cross-examines the government's witnesses. See also **United States v. Perdomo**. 929 F.2d 967 (3d Cir. 1991) (prosecutor must search records for information about witnesses' criminal backgrounds).

27. Upon information and belief, many, if not all, of the government's witnesses were interviewed by law enforcement agents in connection with this investigation and

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

———————

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

indictment.  Notes are regularly taken during such de-briefings.  Such notes contain fertile grounds for impeachment.  The defendant requires and hereby demands any and all such notes. .If the notes have been reduced to some type of writing or report, as is usual, the defendant requires and demands same.  This information must be provided to the defendant immediately if it is to be of any use to him at trial, since the information must be investigated.

## XII.  DISCOVERY, DISCLOSURE & INSPECTION

A.  The government has previously provided the undersigned with discovery of certain documents and materials. In addition, to said voluntary discovery, Mohamed Al Huraibi  requests the following:

   1.  Statements:

      (a).  Any written, recorded, oral or observed statement of any defendant, or attributed to any defendant (and of all uncharged co-defendants or co-conspirators), including notes, summaries or memoranda concerning such statements;

      (b).  Any transcript of testimony relating to this criminal action, given by any defendant, or any agent or employee of any defendant (or by any uncharged co-defendant or co-conspirator) before any grand jury; and

      (c).  Any hearsay evidence intended by the prosecutor to be introduced at trial.

B.  Evidence to Establish Conspiracy:

   1.  Each and every statement of a co-conspirator which will be relied upon at trial by the Government to demonstrate the requisite existence of the conspiracy charged in Count One of the indictment [in connection with an offer of otherwise hearsay testimony under Federal Rule of Evidence 801 (d) (2) (E)]. See **Bourjaily v. United States**, 483 U.S. 171, 107 S. Ct. 2775 (1987).

C.  Scientific:

   1.  Any report, whether written or oral, or document, or portion thereof, concerning

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

any physical or mental examination, or scientific test or experiment relating to this case. [As used herein, report includes both written and oral communications; document includes reports, lab notes or, by any other designation, memoranda, sketches, lists, charts, computations, electromagnetic recordings, videotapes, film, photographs, and the like, whether or not included in whole or part in any "report"; as used herein, "concerning. . . examination, . . . test or experiment" includes preparation for, conducting of, immediate results of, and evaluation of such procedures].

2. Any and all laboratory examinations, reports, notes, etc. regarding cocaine referenced in the indictment that were not previously provided.

D.   Identification:

1. Any visual or audio identification procedures utilized in this case, specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes.

2. Results of the use of any television or video cameras commonly called a "Concealed Pole Camera" which are placed on utility poles to covertly observe a certain public area that were not previously provided.

E.   Law Enforcement Documents:

1. All police investigative reports, complaints, evidence logs, interdepartmental memos, or other documents maintained by any state or local police or law enforcement agency relevant to any of the actions or conduct referred to in the indictment or considered by the Grand Jury in bringing the within indictment, or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment;

2. All investigative reports or documents prepared by the United States government

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

or any agencies or persons operating on its behalf relating to the conduct charged in the present indictment or considered by the Grand Jury in bringing the indictment or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of any defendant or witness. This request includes criminal history information related to any defendant and any potential witness, and any documents concerning any alleged offenses underlying the indictment; and

3.  Any documents concerning the present indictment or the investigation leading to the indictment, prepared or maintained by any state correctional facility or local jail or the State Department of Correctional Services or other similar administrative agency having jurisdiction over places where any of the defendants or alleged conspirators referred to in the indictment have been confined.

F.  Summaries and Logs of Conversations:

All monitoring logs, or summaries, or other documents concerning intercepted conversations or observed conversations that were not previously provided.

G.  Third Party Documents:

1.  Any documents obtained from any banks, financial institutions, or the like relating in any way to the indictment or the investigation which lead up to the indictment;

2.  Any documents obtained from any utility companies, home services providers or the like, relating in any way to the indictment or the investigation which lead up to the indictment;

3.  Any documents obtained from any common carriers, whether for packages, information, data, or persons, including telephone records, or the like, relating in any way to the indictment or the investigation which lead up to the indictment; and

4.  Any documents obtained from any vendors, law firms, or any other third parties relating in any way to the indictment or the investigation which lead up to the indictment.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

-19-

H.  Other documents:

Any other documents in the possession, custody or control, or with which by the exercise of due diligence could come within the control, of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the defendants.

I.  Tapes, Photographs:

1.  Copies of all video or audio tapes made in connection with the investigation by any agency that were not previously provided.

2.  A precise description of the form and location of the original recordings, and the process by which the current copy was created;

3.  Any photographs made in connection with the case;

4.  Any charts, graphs, maps or drawings related to the investigation and prosecution of this case; and

5.  Reports of instances when audio or visual equipment failed to properly work due to conditions beyond the control of the operator(s).

J.  Transcripts:

Verbatim transcripts of all conversations relevant to the case that were not previously provided.

K.  Physical evidence:

All physical evidence collected or seized in connection with the case, including copies of all property capable of being photocopied or reproduced.  This request includes any seized correspondence.  The source and date and time of recovery, as well as the authority under which the property was obtained, must also be disclosed.

L.  Favorable Information:

1.  All material evidence or information, whether admissible at trial or not, whether regarding facts or occurrences or the absence of facts or occurrences, known to the prosecutor or which could become known upon diligent inquiry to those under the prosecutor's direction or control, which is in any way favorable to any defendant,

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

whether by detracting from the prosecution's case or the credibility of the prosecution's witnesses, or supportive of the positions urged, or likely to be urged, by any defendant at any stage of the proceedings; and

2.   Without limiting the prosecutor's duty to disclose favorable material, the defense suggests that the following, if extant, should be disclosed:

   (a).   Any record of previous arrests or convictions, or any other evidence, or information demonstrating participation in dangerous, vicious, immoral or criminal behavior on the part of any persons intended to be called as witnesses by the prosecutor.

   (b).   Any statements known to be false or erroneous or conflicting, made to a public servant engaged in law enforcement activity, or a grand jury or court, by persons intended to be called as witnesses.  Any statements, records or information indicating that any prospective witness has given contradictory or deceitful information in the course of the investigation of this case.

3.   Any information indicating that any prospective witness has given information inconsistent or materially different from information received from other more reliable sources.

4.   Names and addresses and statements of any persons interviewed by or on behalf of the government or who are known to have been witnesses to the events underlying the indictment whom the government does not intend to call as witnesses.

5.   The existence of any government agents or information or cooperating individuals in this case, and any representation, offer, agreement or understanding regarding any past, present, or future benefit to such persons as a result of or in relation to their cooperation with the prosecutor.

6.   Any information to the effect that the instant prosecution is based on or derived from evidence acquired as a result of governmental action violative of

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

Constitutional standards. This request expressly encompasses any information which might affect the Court's decision on a suppression issue in a fashion favorable to either defendant.

7.   Any information or documentation reflecting misidentification or non-identification (by person, voice, photograph or otherwise) of either defendant as a participant in any of the alleged offenses.

8.   Any information or documentation which indicates that defendant did not actually possess the alleged controlled substances or other items.

9.   Any other records or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information.

M.   Impeaching information:

1.   The defense also requests information which could be utilized for the impeachment of prosecution witnesses, including, specifically, the disclosure of any of the following within the possession, custody or control of the prosecution or which, with due diligence could become known to the prosecution:

(a).   Any records or information revealing prior convictions or juvenile adjudications attributed to each witness to be called by the government, including but not limited to relevant "rap sheets."  Any records, including police personnel records, or information revealing prior misconduct or bad, vicious or immoral acts on the part of any witness.

(b).   Any consideration or promise of consideration or expectation of consideration which obtains with respect to any witness intended to be called by the prosecution, including, but not limited to leniency, favorable treatment, assistance with respect to any pending legal proceeding, claim for reward or fees, including witness fees or special provisions for protection, food, clothing, shelter, transportation, or other benefits, or

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

anything else which arguably could reveal an interest, motive, or bias of the witness in favor of the prosecution or against the defense or act as an inducement to testify or to color testimony.

(c).    Any threats, express or implied, direct or indirect, or other coercive measures directed against any witness, such as threats of criminal prosecution or investigation or potential prosecution, any probationary, parole, deferred prosecution or custodial status of the witness or any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the prosecution or over which the prosecution has a real, apparent, or perceived influence.

(d).    Any information as to any prospective prosecution witness having a history of mental or emotional disturbance.

(e).    The existence and identification of each occasion on which any witness has testified before any court, grand jury, or other tribunal or body in relation to the defendant, the investigation, or the facts of this case.

(f).    The existence and identification of each occasion on which each witness who was or is an informer, accomplice and/or co-conspirator has testified before any court, grand jury, or other tribunal or body.

(g).    Whether any witness has commenced or contemplates commencement of a civil action against the accused; and

(h).    Any instances where potential witnesses were the subject of searches or were arrested, then released and not charged with any crime(s).

(I).    The same information requested in paragraphs "(a)" through "(h)" above is also requested with respect to each non-witness declarant whose statements may be offered in evidence.

N.  Alleged Prior Misconduct:

Any alleged criminal or immoral conduct on the part of any defendant intended to be used against any defendant on the government's direct or rebuttal case, or in the

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

examination of any defendant who might testify at trial.

O.  Expert Testimony:

Pursuant to F.R.Cr.P. 16(a)(1)(E), a written summary of expert testimony that the government intends to use in its direct case; said expert's qualifications; and, the basis of the expert's opinion, whether or not the expert files a report.

## XIII.  BILL OF PARTICULARS RULE 7(F)

A.  Pursuant to Rule 7 (f); the **6th Amendment** to the United States Constitution; **U.S. v. Bortnovsky,** 820 F.2d 572 (2nd Cir. 1987); **U.S. v. Santoro**, 647 F. Supp. 153 (E.D.N.Y. 1986) and **U.S. v. Ramirez**, 602 F. Supp. 783 (S.D.N.Y. 1985) the defendant requests the following:

1.  The names of all alleged co-conspirators the government intends to offer proof about at trial, but are not named in the indictment. The indictment alleges the defendants "did knowingly, willfully and unlawfully combine, conspire,and agree together and with others, known and unknown, to commit offenses ..." Under the reasoning in **U.S. vs. Davidoff**, 845 F2d 1151 (2nd Cir. 1988), and **U.S. vs. Bortnovsky**, 820 F2d 572 (2nd Cir. 1987), the preparation of an adequate defense mandates disclosure of the nature of the charged conspiracy. Vague, amorphous references to persons "known and unknown" are impossible to defend against. The principles governing requests for a bill of particulars are well settled. A bill is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." **United States v. Bortnovsky** 820 F.2d 572, 574 (2nd Cir. 1987) (citations omitted) (percunam).  The prosecution need not particularize all of its evidence. **United States v. Gottlieb** 493 F 2d 987994 (2nd Cir. 1974).  The decision to grant or deny a bill of particulars is within the sound discretion of the district Court. **United States v.**

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

———————

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

**Panza**, 750 F.2d 1141 1148 (2nd Cir.1984).

2.  The specific types of unlawful activity alleged against this defendant.

3.  The precise conduct by Mr. Al Huraibi the government intends to prove at trial to demonstrate his joinder and participation in the conspiracy alleged in count one.

## XIV.  ROUGH NOTES

A.  The defendant requests an order directing law enforcement personnel who participated in the investigation of this case to retain and preserve all rough notes taken at any stage of the discovery.

B.  This request includes interviews and contacts law enforcement had with confidential informant(s), cooperating witness(es), co-defendant(s), or witnesses.

C.  The defendant further requests the disclosure of these notes by the Government as being relevant and material to the defense of this case and being in the interest of justice that full disclosure take place.

## XV.  AUDIBILITY HEARING

A.  The defendant requests an audibility hearing as to any and all tapes that are not easily understood or otherwise inaudible.

B.  The defendant further requests that upon a finding of inaudibility, that the playing of the affected tape recording be precluded from its use at trial.

## XVI.  INDEPENDENT TRANSLATION

A.   Your declarant has had the opportunity to review recordings of alleged transactions between the Government agents and the defendants.

B.  It has become readily apparent that due to differences in dialect and disagreements as to what actually was said during these taped sessions that an independent translator is needed.

C.  The defendant requests a reasonable period of time for an independent translator to

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640

review all of the tapes and prepare translations of the tapes intended to be offered by the Government or the defendant Al Huraibi at the time of trial.

## XVII.  FURTHER RELIEF

In addition to the relief requested above, the defendant respectfully requests such other and further relief as the Court deems just and proper.

Affirmed under the penalties of perjury pursuant to 28 U.S.C. Section 1746(2).

Dated:  August 1, 2008

Rochester, New York

Respectfully submitted,

/s/ Maurice Verrillo
MAURICE J. VERRILLO, ESQ.
Attorney for Mohamed Al Huraibi, Defendant
One East Main Street, Suite 711
Rochester, New York 14614
(585) 232-2640

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

_____

ONE EAST MAIN STREET
SUITE 711
ROCHESTER, NY 14614

TEL: (585) 232-2640