UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


      vs.                           DOCKET NO. 08-CR-6087-CJS
MOHAMED AL HURAIBI,
                      Defendant.

_____

**<u>STATEMENT OF DEFENDANT WITH RESPECT TO SENTENCING
FACTORS</u>**

The defendant, Mohamed Al Huraibi, by and through his attorney, Maurice J. Verrillo in

response to the Pre-Sentence Report of Kerry J. Chartier agrees with the findings as to the

offense level and criminal history calculations of thedefendant, being offense level 14 and

criminal history I or 15-21 months but for the sake of clarity and completeness provides the

following information:

1. The defendant has no prior criminal convictions, just an impaired associated with a
   drinking driving incident.

2. The defendant is 52 years old and arrived in the United States with political asylum status.

3. At the time of his arrest, the defendant operated Mojo's Restaurant. The defendant lost his
   business and property of the business due to his inability to pay rent arising from his
   incarceration.

4. The defendant had served approximately 18 months in prison.  AUSA Lynch and AUSA
   Brett Harvey were originally willing to consent to a Rule 11(c)(1)( c) plea which would
   have resulted in time served, but later indicated that they were not able to get permission
   from their superiors for such a plea.

**LAW OFFICE OF
MAURICE J. VERRILLO, P.C.**

_____

**ONE EAST MAIN STREET
SUITE  711
ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

5.  Under the circumstances, the defendant should be sentenced to time served with no further period of incarceration.

6.  The final issue relates to the factual allegations set forth in the Pre-Sentence Report namely the allegations supporting the money laundering claims in paragraphs 26-39 and 41-61. As to these assertions, the defendant would respond as follows:

A.  The defendant admits to the factual allegations that form the basis of the plea agreement for Operating an Illegal Money Transmitting Business.

B.  Any factual allegations in support of the separate offense of Money Laundering is irrelevant as the Money Laundering indictment will be dismissed at sentencing as a part of the Plea Agreement. See Paragraph "16" of Plea Agreement.

C.  The defendant's acceptance of responsibility for the charge for which he pled guilty should be sufficient and accordingly, the defendant will not respond to the details set forth in the paragraphs of the Pre-Sentence Report referenced in this paragraph.

D.  Some of the paragraphs at issue involve activities involving the co-defendants Saeed and Alomari as to which the Government never claimed the defendant had involvement.

WHEREFORE, the Mohamed Al Huraibi  respectfully requests that the Court impose a minimal and reasonable  sentence in accordance with the plea agreement and  in light of the

**LAW OFFICE OF**

**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**

**SUITE  711**

**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

totality of circumstances considering 18 U.S.C. 3553,  along with such other and further relief

as may be just and proper.

Dated: Rochester, New York                    Respectfully Submitted,
              November 25, 2009


                                              /s/ Maurice Verrillo
                                              LAW OFFICE OF MAURICE J. VERRILLO, P.C.
                                              Attorney for the Defendant
                                              Mohamed Al Huraibi
                                              One E. Main Street, Suite 700
                                              Rochester, New York 14614
                                              (585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

**ONE EAST MAIN STREET**
**SUITE  711**
**ROCHESTER, NY 14614**

**TEL: (585) 232-2640**

-3-